THE PEOPLE OF THE STATE OF ILLINOIS, FOR USE, ETC.,

v.

CHARLES S. FROST ET AL.

*Principal and Surety—Action of Debt on Sheriff's Bond—Payment by Sheriff to Attorneys of Proceeds of Execution Contrary to Plaintiff's Orders—Ratification of Sheriff's Act.*

In an action brought on a sheriff's bond to recover the proceeds of an execution which had been paid by the sheriff to the plaintiff's attorneys of record, contrary to the express direction of the plaintiff, as was alleged, *held*, upon the case presented, that the court below was justified in finding that the act of the sheriff had been ratified by the plaintiff, and

that, after a delay of five years, the memory of the plaintiff was at fault in recalling her directions to the sheriff.

[Opinion filed April 11, 1892.]

Appeal from the Circuit Court of Macoupin County; the Hon. Jacob Fouke, Judge, presiding.

Messrs. Wise & Davis, for appellants.

The attorney of record of a party in whose favor a judgment is rendered has full authority to collect the money and give acquittance therefor, either to the judgment debtor or the sheriff; but if the attorney's authority is revoked and the sheriff after notice of that fact pays the money to him, the plaintiff may recover the same of the sheriff.   Custer v. Agnew, 83 Ill. 194.

Ratification requires knowledge of the facts and acquiescence in them.   The facts in this case are that Mrs. Kingston would not recognize the right of Hamilton & Slaten to receive the money, and would not give the order until Slaten said that by giving it, she would not recognize them as her attorneys or their right to receive the money, consequently no acquiescence, no ratification.

Mr. C. A. Walker, for appellees.

The case referred to in 83d Illinois, 194, by appellant, fully confirms the right of an attorney of record, for the party in whose favor judgment is rendered, to collect the money and give acquittance therefor either to the judgment debtor or the sheriff, deciding in that case that, " The judgment creditor undoubtedly has the right to discharge his attorneys at any time, and revoke the authority to collect." There is no evidence that the appellant had discharged her attorneys in this case, unless her statement that she notified her brother not to pay the money to any one but herself, is to be credited and construed into a discharge of her attorneys.   She does not claim that she notified them of their discharge; on the contrary, she suffered and permitted them to go on and manage the case after the date that she claims

to have notified her brother not to pay the money over to her attorney or any one else; she claims to have notified him the first time on the 29th day of March, 1886. The execution was issued on the 26th day of April, 1886, and the name of the firm appears on that execution as her attorneys.

We think from all the circumstances in the case, her frequent conversations with the deputy sheriff and Messrs. Hamilton & Slaten after the money had been collected and paid over to them, in no one of which does she claim that she had told them that she had given the notice to her brother not to pay the money over to any one but herself, the circumstances under which she held these conversations being of such character as to have naturally caused her to do so, is very strongly against her statement that she did give such notice.

Messrs. Hamilton & Slaten having collected the money, if they have not properly applied it, Mrs. Kingston's right of action is against them, and not the sheriff's bondsmen.

It was a question of fact that was tried by the court. In the case of Shelton v. O'Reilly, 32 Ill. App. 640, the court say: "Yet it is a rule of law that, by a verdict of a jury upon a question of fact alone when fairly submitted, the successful party obtains certain rights which are recognized by the law; and that such verdict must stand, although it may appear to be against the weight of the evidence, unless it is apparent, upon the face of the record, that the jury were actuated by passions or prejudice. Under the application of that rule, which is too well established to be disregarded, we feel constrained to affirm the judgment below."

The judge occupied the position of the jury in this case.

Mr. Justice Wall. This was debt on the bond of Charles S. Frost as sheriff. The alleged breach was that he had collected certain money on an execution in favor of Kate C. Kingston and had failed to pay the same to her. The money was in fact paid to the attorneys of record of the plaintiff except the sum of about $63.50 which the sheriff retained to pay a fee bill for that amount he then held

against the plaintiff. The payment to the attorneys was rightly made unless it was done contrary to the express order and direction of the plaintiff. She testified that she had told the sheriff to pay the money to her and to no one else, and that after such instruction he paid it to the attorneys. This testimony of hers is not contradicted. The sheriff was not a witness, but it was shown that about a year after the transaction he went to the State of California, and that at the time of the trial his residence was unknown to the sureties, who alone were defending the suit. It appears that immediately upon the receipt of the money the attorneys notified the plaintiff that they had it and she went to their office in response to the notice.

They explained the matter to her and stated the amount of their charges for fees and expenses in that and other suits connected with it, and it seemed that after deducting this bill there would be but little if anything coming to her. She made no objection whatever except to the fact that the sheriff, who was her brother, had retained the amount of the fee bill, and said she would not stand that, but would have all or nothing. She then left the office and had no further conference with the attorneys in reference to the matter.

About a month later she gave an order to another attorney, directed to these attorneys, for the sum of $50, which they paid. Nearly five years after that the present suit was brought. The case was tried by the court, a jury being waived, and the finding was for the defendants, followed by a judgment accordingly against the plaintiff for cost.

Assuming that the evidence shows an express order by the plaintiff to the sheriff which would revoke the *prima facie* authority of the attorneys to receive the money, it is contended in support of the conclusion reached by the court that there was a ratification of the sheriff's action. We are inclined to agree with this position. It is urged that the payment of the $50 should not be regarded as a ratification because the person to whom it was payable expressly in-

The People v. Frost.

formed the attorneys it was not to be so considered. We think this is not shown by the evidence, but that the remark upon which this assumption rests was not intended to be so construed and that it probably referred to another matter. Such a view was quite inconsistent with the understanding the attorneys then had of the objection and the only objection she had made to the action of the sheriff, viz., that he had retained the amount due on the fee bill.

Considering all that transpired, the relationship of the sheriff and the plaintiff, her conversation with her attorneys, and her apparent acquiescence in their receiving what they had received, her subsequent action in drawing the sum of $50, and her long delay in asserting the present demand, we are of opinion there was enough to warrant the court in holding that the plaintiff had ratified the action of the sheriff. This, upon the assumption that the present position of the plaintiff as to the order alleged to have been given the sheriff, was well founded. Whether this was so or not rested almost wholly if not entirely upon the plaintiff's own testimony, and much would depend upon the credit to be given to her statement. The court may have been satisfied that after so long a time her memory was probably at fault as to the alleged instruction to the sheriff. It would seem that if she was then conscious that her directions had been disregarded she would immediately have taken the necessary step to enforce her rights in the premises, and with such a cause of action as now asserted she would not have delayed bringing the suit for nearly five years. The judgment will be affirmed.

*Judgment affirmed.*